UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RAYMOND MARTIN, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     10-2786** |
| **WILLIAM M. MAGEE, ET AL.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is an **Ex Parte Motion and Order to Quash Subpoenas Duces Tecum Under FRCP 45(c)(3)(A)(i) and (iii), FRCP 45(b)(1), and FRCP 45(d)(2)(A) and FRE 501 (R. Doc. 41)** filed by the Defendant, Hickory Glade, Inc., through its Officer, William M. Magee ("the Defendant").

On January 28, 2011, counsel for the Plaintiffs, Daniel G. Abel, issued two subpoenas[1] *duces tecum* on Gary F. Reynolds, the CPA of Defendant, Hickory Glade, Inc. (*See* R. Doc. 41-1, pp. 6–9.) The subpoenas required Reynolds to produce certain financial documents by February 2, 2011, at 1:00 a.m.[2] According to the Defendant, the subpoenas were served on Reynold's wife, at

---

[1] The Court notes that both subpoenas were issued for Gary F. Reynolds at the same address. They do not differ substantively.

[2] Specifically, the subpoena requested "[a]ll documents, legers, tax preparation documents, tax returns, financial projects, and other documents and materials whether in hard-copy or electronic form, pertaining to domestic company Hickory Glade, LLC for all years from its formation until is [sic] dissolution in January, 2010 including but not only tax returned and all attachments for those years and for the year 2010 as well." (*See* R. Doc. 41-1, pp. 7-8.)

his residence, on January 30, 2011, at 4:00 p.m. The Defendant contends that the subpoenas should be quashed because they did not give reasonable notice and because they request privileged documents.

Under the Federal Rules of Civil Procedure, the Court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply." Fed.R.Civ.P. 45(c)(3)(A)(i). It is unclear from the record whether the subpoenas were served on January 28, 2011, the date in which the Plaintiff's counsel signed the subpoenas, or on January 30, 2011, the date in which the Defendant's represent Reynolds' wife was served. Nevertheless, the Court finds that even if Reynolds was served in the morning on January 28, 2011, the most time that Reynolds would have to comply with the request was four and a half days. Given the volume of documents requested, the Court finds that this is an unreasonable time in which to comply with the subpoenas. As a result, the subpoenas are quashed.

**IT IS ORDERED** that the **Ex Parte Motion and Order to Quash Subpoenas Duces Tecum Under FRCP 45(c)(3)(A)(i) and (iii), FrCP 45(b)(1), and FRCP 45(d)(2)(A) and FRE 501 (R. Doc. 41)** filed by the Defendant, Hickory Glade, Inc., through its Officer, William M. Magee is hereby **GRANTED** and the two subpoenas issued by attorney Daniel E. Abel on Gary F. Reynolds are hereby **QUASHED.**

New Orleans, Louisiana, this 1st day of February 2011

_____
**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**