UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOYD RAYMOND MARTIN, III, ET AL. | CIVIL ACTION |
| VERSUS | NO: 10-2786 |
| WILLIAM M. MAGEE, ET AL. | SECTION: "H" (4) |

**REPORT AND RECOMMENDATION**

Before the Court is a **Motion Giving Notice of Fraudulent Misrepresentation of the Eastern District's United States District Court, and Request for Evidentiary Hearing (R. Doc. 138)** filed by Plaintiffs Lloyd Raymond Martin, III, Nicole Easterwood Martin, Carol Robinson, Andrea Smith Lampo, and John George Lampo[1] (collectively the "Plaintiffs"), which was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B)**. Defendants William M. Magee, William M. Magee, APLC, James G. Coate, Jr., and Buddy Coate, L.L.C. (collectively the "Defendants") oppose the motion. (R. Doc. 149.) The motion was heard with oral argument on Wednesday, November 16, 2011.

Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1]As discussed below, former Plaintiffs Andrea Smith Lampo and John George Lampo are no longer parties to this action. However, for purposes of this Order, they will also be referred to as "Plaintiffs".

I.      **<u>Factual Summary</u>**

Plaintiffs' lengthy complaint alleges that Defendant William M. Magee ("Magee") orchestrated a complex scheme to "steal" numerous pieces of real estate located in St. Tammany Parish, Louisiana by filing fraudulent possessory actions in state court based on false quitclaim deeds.[2] Plaintiffs filed this action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), and allege that after the properties changed hands multiple times, Plaintiffs Lloyd Raymond Martin, III and Nicole Easterwood Martin (the "Martins") eventually bought one of the properties. Plaintiffs further allege that Carol Robinson ("Robinson") also bought one of the properties.[3]

By February 15, 2011, all of the named Defendants had filed a motion to dismiss with the Court. (R. Docs. 27, 29, 32, 34, 35, 51, 55, and 57.) On June 10, 2011, the Court (District Judge Sarah S. Vance) issued an order granting Defendants' motions to dismiss, denying Plaintiffs' motion for leave to file an amended complaint, striking the second amended complaint[4], and dismissing Plaintiffs' claims without prejudice. (R. Doc. 129.) The Court found that Plaintiffs had not adequately alleged that (1) Defendants Mark and Kristen Graziani violated RICO; and (2) their injuries were proximately caused by the remaining Defendants' activities. (R. Doc. 129.) The Court, however, allowed Plaintiffs twenty days to file a motion for leave to amend their complaint. (R. Doc. 129.)

In compliance with the Court's instructions, Plaintiffs filed a Motion for Leave to Amend the Original Complaint as to the Claims Averred by the Martins and Robinson (R. Doc. 131), in an

---

[2] The total number of properties involved in the alleged RICO violations is fifteen. (R. Doc. 1.)

[3] A complete recitation of the facts surrounding this matter may be found in District Judge Sarah S. Vance's Opinion (R. Doc. 129) and the undersigned's Order denying Plaintiffs' motion for leave to amend the original complaint (R. Doc. 152).

[4] While the Motion to Dismiss was pending the Martins and Robinson sought to amend the complaint a second time which was also denied by the District Judge's ruling of June 10, 2011. (R. Doc. 129.)

attempt to cure the existing defects in their original complaint. Upon giving full consideration to the issues in the motion, the undersigned denied Plaintiffs' motion finding that Plaintiffs had failed to allege facts sufficient to state a RICO claim against any of the Defendants. (R. Doc. 152.) As a result of both the District Judge's Order and the undersigned's denial of Plaintiffs' motion for leave to amend, Plaintiffs' claims are no longer pending before this Court.

Despite the District Judge's Order and the undersigned's denial of Plaintiffs' motion for leave to amend, Plaintiffs filed the subject motion seeking to give notice to the Court of an alleged fraudulent misrepresentation in the U. S. District Court for the Eastern District of Louisiana. (R. Doc. 138.) Plaintiffs allege that envelopes were placed in the mail by some unknown individual who "fraudulently" represented that the envelopes were actual Court mail. Plaintiffs identified the alleged fraud as one on the Court, consisting of the use of Avery return address labels, upon which the Court's name and address were printed. Plaintiffs further allege that the envelopes were not purchased or mailed by the Court because the Court's envelopes are preprinted, and further allege that the Court generally communicates electronically, not through U.S. Mail. Plaintiffs request an evidentiary hearing to determine the identity of the person who placed the labels on the envelopes and mailed the envelopes to Plaintiffs.

Defendants oppose the motion on several grounds: (1) the Lampos are not parties to this lawsuit, and thus do not have a right to an evidentiary hearing; (2) Plaintiffs failed to identify the contents of the envelopes in their submission to the Court and further failed to suggest their relevance to this proceeding; (3) Plaintiffs' allegation that the contents of the envelope were allegedly an attempt to harass Plaintiffs is not an issue in the subject case, rendering Plaintiffs' request for discovery irrelevant; and (4) the alleged facts are insufficient to state a claim for fraud on the Court.

The instant motion was referred to the undersigned for handling. The referral order also directed the undersigned to consider whether the matter should be referred to the U.S. Attorney's

3

Office for investigation. (R. Doc. 147.)

**II.    Standard of Review**

Federal Rule ("Rule") of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

**III.    Analysis**

Plaintiffs' contend that someone - "probably" Magee or the lawyers retained to represent Magee - mailed the envelopes to them. During the hearing, Plaintiffs' counsel advised the Court that

the envelopes contained a copy of District Judge Vance's June 10, 2011 order.[5] Plaintiffs contend that the fraud occurred in the actual placing of the labels, with the return address of the Court printed on them, on the envelopes and placing the envelopes in the mail. As a result, Plaintiffs seek an order from the Court requiring an Evidentiary Hearing and allowing them to subpoena witnesses to testify and confirm their suspicions.

Defendants contend that the request should be denied for several reasons: (1) the Lampos are not parties to this lawsuit, and thus do not have a right to an evidentiary hearing; (2) Plaintiffs failed to identify the contents of the envelopes in their submission to the Court and further failed to suggest their relevance to this proceeding; (3) Plaintiffs' allegation that the contents of the envelope were allegedly an attempt to harass Plaintiffs is not an issue in the subject case, rendering Plaintiffs' request for discovery irrelevant; and (4) the alleged facts are insufficient to state a claim for fraud on the Court.

The Court record confirms, that the Lampos are not party to the subject suit.[6] Therefore, the Lampos do not have standing to make the subject request before this Court.

Next, the Court will consider whether the facts as alleged are sufficient to assert a claim for fraud on the Court. A plaintiff's pleading is considered to sufficiently set forth the requirements for a fraud claim when it includes: (1) the time; (2) the place; (3) the specific content of the fraud; and (4) the identities of the parties participating in the fraud. *Pickens v. Kanawha River Towing*, 916 F.Supp. 702, 706 (S.D. Ohio 1996) (citing *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988)). The basic principle for such requirements is to insure that the pleading places the defendant on notice of the alleged misconduct or fraudulent acts of which the plaintiff complains in order that the defendant may prepare a responsive pleading. *Id.*

---

[5]Transcript of Hearing on Motion Giving Notice of Fraudulent Misrepresentation of the Eastern District United States District Court and Request for Evidentiary Hearing, 11/16/2011, p. 3, lines 3-11.

[6]The Lampos were terminated as plaintiffs on June 10, 2011.

Fraud upon the court involves a particular type of fraud which is directed to the judicial machinery itself and which involves circumstances where the impartial functions of the court have been directly corrupted. *In the Matter of Whitney-Forbes*, 770 F.2d 692, 698 (7th Cir. 1985) (citations and quotations omitted). The cases where fraud on the court has been found have involved the most egregious conduct involving corruption of the judicial process itself, such as bribery of a judge and improper influence with the court. *Id.* (citations and quotations omitted). Fraud may exist between the parties without there being a fraud upon the court.

Further, fraud on the court must be directed to the judicial machinery itself and does not necessarily include fraud between the parties or fraudulent documents, false statements, or perjury. *Bulloch v. United States,* 721 F.2d 713, 718 (10th Cir. 1983). It has been held that allegations of non-disclosure in pre-trial discovery will not support an action for fraud on the court. *Id.* The movant must set forth specific facts impugning the official record. *Gekas v. Met-L-Wood Corp*, 80 B.R. 912, 915 (N.D. Ill. 1987). A statement of "clear and convincing probative facts" is necessary for such a motion to be sufficient. *Id.*

Here, it is clear from the facts alleged by Plaintiffs that their motion insufficiently alleges that there has been a fraud upon the Court. While there may have been an exchange of documents between an unidentified party and Plaintiffs, according to the case law, such an exchange would not amount to a fraud on the Court.[7] Therefore, the facts are insufficient as pled and it would be a waste of the Court's judicial resources to hold an Evidentiary Hearing, let alone recommend that the United States Attorney be made aware of these allegations.

Finally, Plaintiffs contend that they should be allowed to conduct discovery to ferret out who placed the labels on the envelopes and who mailed them. To support their contention, Plaintiffs

---

[7]During the hearing in this matter, Plaintiffs' counsel argued that he believed that it was Magee who placed the Court's order in an envelope and mailed it to his clients. Transcript of Hearing on Motion Giving Notice of Fraudulent Misrepresentation of the Eastern District United States District Court and Request for Evidentiary Hearing,, 11/16/2011, p. 21, lines 7-13.

propounded requests for admission upon Defendants in the related action, *Martin, et al. v. Fidelity National Title Insurance Company*, Civil Case No. 09-4195, which Defendants objected to on the basis of relevance, and were attached to Defendants opposition in this matter. The undersigned in considering this issue concludes that these skeletal allegations are not sufficient to warrant the use of the Court's resources and time, including ordering witnesses to take off from work to answer questions about something that is not a fraud on the Court, nor sufficiently alleged as mail fraud.[8]

**IV.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' **Motion Giving Notice of Fraudulent Misrepresentation of the Eastern District's United States District Court, and Request for Evidentiary Hearing (R. Doc. 138)** be **DENIED** for the reasons assigned above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[9]

New Orleans, Louisiana, this 1st day of December 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Mail fraud is a crime in which the perpetrator develops a scheme using the mail to defraud another of money or property. This crime specifically requires the intent to defraud, and is a federal offense governed by 18 U.S.C. § 1341.

[9] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.